UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MAUREEN LAMARR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-184-TLS |
| | ) | |
| COMPUTER CREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's, Computer Credit, Inc., Motion to Dismiss for Failure to State a Claim pursuant to Fed R. Civ. P. 12(b)(6) [ECF No. 10]. The Plaintiff, Maureen LaMarr, filed her response on September 17, 2018 [ECF No. 15]. The Defendant filed a reply on October 1, 2018 [ECF No. 16]. For the reasons stated in this Opinion and Order, the Court GRANTS the Defendant's Motion.

**BACKGROUND**

The Plaintiff filed her Complaint against Computer Credit, Inc., on June 17, 2018. (Pl.'s Compl., ECF No. 1). In the Complaint, the Plaintiff seeks damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA) and the Indiana Deceptive Consumer Sales Act, I.C. § 24-5-0.5 *et seq*. (IDCSA). *Id.*, at 1. The Plaintiff states that she defaulted on a debt of $1,181.00 owed to Aspen Dental (Subject Debt), which was sold, assigned and/or transferred to the Defendant for collection. *Id.* ¶¶ 12–13. The Plaintiff states that on or around March 2, 2018, the Defendant mailed an initial communication to her in the form of a dunning correspondence to collect the Subject Debt. *Id.* ¶ 14. The letter reads:

> Your overdue balance with your creditor Aspen Dental has been referred to Computer Credit, Inc. for collection. Our records indicate that this debt is your responsibility. This letter will serve to inform you that your account remains unpaid and we expect resolution of your obligation to the business office. Computer Credit, Inc. is a debt collector and a member of ACA International, the Association of Credit and Collection Professionals.
>
> This communication is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify our office that you dispute the validity of this debt or any portion thereof within 30 days of receiving this letter, we will assume that the debt is valid and expect it to be paid.
>
> Pay the amount due to prevent further collection activity by Computer Credit, Inc. We appreciate your attention to this matter.

(Pl.'s Compl. Ex. A at 1.) The letter also attached a self-addressed envelope and detachable payment coupon. *Id.*

The Plaintiff alleges that the Collection Letter "demanded immediate payment" in stating:

> "Your overdue balance with your creditor Aspen Dental has been referred to Computer Credit, Inc. for collection. Our records indicate that this debt is your responsibility. This letter will serve to inform you that your account remains unpaid and we expect resolution of your obligation to the business office;" and
>
> "Pay the amount due to prevent further collection activity by Computer Credit, Inc." (Pl.'s Compl. ¶ 17.)

The Plaintiff alleges that these two phrases within the dunning correspondence "overshadowed" the Defendant's valid and proper Debt Validation Notice, in violation of the FDCPA. *Id.* ¶ 19. Specifically, the Plaintiff alleges that the Defendant violated 15 U.S.C. §§ 1692(e), e(1), f, and g(b) by making demand for immediate payment of the Subject Debt, using the above statements, within the 30 day debt verification period. *Id.* ¶ 28. The Plaintiff alleges that the Defendant's overall correspondence confused her. *Id.* ¶ 29. The Plaintiff also alleges that the Defendant

engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of Ind. Code §§ 24-5-0.5-3(a) and (b)(20), by demanding immediate payment from the Plaintiff within 30 days of its G-Notice disclosure to the Plaintiff. *Id.* ¶ 35. The Plaintiff requests actual damages provided under 15 U.S.C. § 1692k(a)(1) and Ind. Code § 24-5-0.5-4(a)(1)(2); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); statutory damages, in an amount to be determined at trial, as provided under Ind. Code. § 24-5-0.5-4(a)(1)(2); costs and attorney's fees under 15 U.S.C. § 1692k(a)(3); and any other relief the Court deems just and appropriate. *Id.* at 7.

On August 20, 2018, the Defendant filed its Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mot. to Dismiss, ECF No. 10.) The Defendant maintains that the two phrases that the Plaintiff claims overshadow the Debt Validation Notice do not provide any due dates contradicting the 30-day validation period pursuant to the FDCPA. *Id*. at 2. The Defendants also argue that the Plaintiff's claims under the IDSCA also fail to state a claim because they rely solely upon her claim that the Defendant violated the FDCPA. *Id.* at 8.

On September 17, 2018, the Plaintiff filed a Response to the Defendant's Motion to Dismiss. The Plaintiff alleges that the "bottom part of the letter, including the detachable payment coupon" and "the self-addressed envelope [the Defendants] enclosed with the Collection Letter" all indicate that the dunning correspondence sought immediate payment from the Plaintiff. (Pl.'s Opp. to Def.'s Mot. to Dismiss at 7, ECF No. 15.) The Plaintiff also "concedes that her claims under the IDCSA are insufficient as pled in the complaint." *Id.* at 9.

On October 1, 2018, the Defendant filed its Reply to the Plaintiff's Response to the Defendant's Motion to Dismiss. (Def.'s Reply to Pl.'s Opp. to Def.'s Mot. to Dismiss, ECF No. 15.) The Defendant again stated that the dunning correspondence did not violate the FDCPA and

denied that the detachable payment coupon and self-addressed envelope violated the FDCPA. (*Id.* at 9.)

## ANALYSIS

**A**     **Legal Standard**

The Defendant seeks dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss pursuant to [Rule] 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605,608. "The Complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff can also plead herself out of court if she pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

**B.**     **The Plaintiff's FDCPA Claim**

Congress enacted the FDCPA to combat "abusive, deceptive, and unfair debt collection practices." § 15 U.S.C. 1692. "Even if a validation notice is otherwise accurate, a debt collector

violates 1692(g) if it creates confusion by contradicting the required information, overshadowing or obscuring it, or failing to explain an apparent contradiction." *Peterson v. Midland Credit Mgmt., Inc.*, No. 210-CV-223-TS, 2011 WL 781538, at *4 (N.D. Ind. Feb. 28, 2011) (internal citations omitted). The Plaintiff alleges that the dunning letter "overshadowed" her rights pursuant to the FDCPA in that the letter was confusingly worded and suggested that immediate payment of the Subject Debt was due. (Pl.'s Opp. to Def.'s Mot. to Dismiss at 2.) Specifically, the Plaintiff argues that the letter, combined with the detachable payment coupon and self-addressed envelope "conveys an impression upon the unsophisticated reader that payment of the Subject Debt is required immediately…" *Id.*, at 7.

A validation notice required pursuant to the FDCPA must be presented in a manner that is not confusing. *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997). Courts apply the "unsophisticated consumer" standard to evaluate a debt collection letter's compliance with the FDCPA. *Avila v. Rubin,* 84 F.3d 222, 226–27 (7th Cir. 1996). An unsophisticated debtor is "uniformed, naïve, or trusting," but nonetheless is considered to have a "rudimentary knowledge about the financial world and is capable of making basic logical deduction[s] and inferences." *Sims v. GC Serv. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006) (citing *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 564 (7th Cir. 2004)). The Seventh Circuit has held that a violation of the FDCPA occurs when a dunning letter is confusing to the unsophisticated reader, even if the letter technically complies with the FDCPA by including the required validation notice. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

In evaluating a party's motion to dismiss, the Seventh Circuit holds that whether a dunning letter is confusing pursuant to a FDCPA action is a question of fact, not of law or logic. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999). Accordingly, "[a]s confusion is

5

a fact-based question, dismissal is typically not available under 12(b)(6), which is appropriate only when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief." *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (reversing 12(b)(6) dismissal of a § 1692e claim because "the inquiry under § [] 1692e…requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.") "Dismissal is permitted in only the most extreme cases, when no reasonable consumer could be misled." *Johnson v. Enhanced Recovery Co.*, *LLC*, 228 F. Supp. 3d 870, 872 (N.D. Ind. 2017).

The Plaintiff asserts that she was "confused and misled" upon receipt of the dunning letter and that this is sufficient to survive Defendant's Motion to Dismiss. (Pl.'s Opp. to Def.'s Mot. to Dismiss., at 2, 4) (citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999)). Dismissal is appropriate as a matter of law, however, when "it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Taylor v. Cavalry Inv.*, *LLC*, 365 F.3d 572, 574 (7th Cir. 2004). Such cases contain statements that would not mislead any reasonable consumer, even an unsophisticated one. *Johnson*, 228 F. Supp. 3d 874 (citing *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 841 (7th Cir. 2007)). "[A] significant fraction of the population" must find a dunning correspondence confusing for it to violate § 1692g(b)'s prohibition of inconsistent or overshadowing language. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). "[A] plaintiff's anecdotal proclamations of being confused will not suffice: a collection letter cannot be confusing as a matter of law or fact 'unless a significant fraction of the population would be similarly misled.'" *Durkin v. Equifax Check Servs., Inc.,* 406 F.3d 412, 414–15 (7th Cir. 2005) (quoting *Petit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

Additionally, a dunning letter's encouragement of quick payment is not a dispositive indication that it violates the FDCPA. The Seventh Circuit distinguishes between "puffery" and provisions that set deadlines contrary or contradictory to the thirty-day validation period. *Zemeckis*, 679 F.3d 636 (internal citations and quotations omitted). Dunning letters containing mere puffery are those with "rhetoric designed to create a mood rather than to convey concrete information or misinformation." *Taylor,* 365 F.3d at 575. The Seventh Circuit has construed as puffery dunning correspondences that instructed a recipient to "[a]ct now to satisfy your debt," *id.*, a letter that required receipt of payment within thirty days, *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518–519 (7th Cir. 1997), and a letter that stated: "we shall expect payment … to be made within ten (10) days from the date of this letter," *Avila*, 84 F.3d at 226.

The Court is cognizant that "what may seem obvious and beyond contestation to a federal judge may be clear as mud to many consumers." *Johnson,* 228 F. Supp. 3d at 874. Even in applying the Seventh Circuit's unsophisticated consumer standard, however, the Court may assume that the consumer is essentially reasonable. *Durkin,* F.3d at 414. Thus, a plaintiff's idiosyncratic reading will not succeed if it is solely unique to him or her. *Johnson*, 228 F. Supp. 3d at 874 (citations omitted). In this case, the dunning letter is clear and nothing within it could confuse the most unsophisticated of plaintiffs. The two sentences the Plaintiff cites as overshadowing her rights under the FDCPA are straightforward, informative statements. These statements contain no dates that obfuscate the Plaintiff's rights under the FDCPA, nor anything else that would cause misinformation. The dunning letter states that the debt is owed and that payment would prevent Computer Credit from engaging in further collection activity. The letter did not direct the Plaintiff to take any action to pay the debt within the 30-day validation period. The letter, at most, contains puffery, but still contains nothing contrary or contradictory to the

thirty-day validation period pursuant to the FDCPA. Nothing within this correspondence could be construed as overshadowing an unsophisticated reader's rights under the FDCPA.

The Plaintiff's proclamations that the correspondence confused her are insufficient to state a claim for relief and survive the Defendant's Motion to Dismiss under Rule 12(b)(6), even under the Seventh Circuit's exacting standards for dismissal under the FDCPA.

### C. Plaintiff's Jury Demand

The Plaintiff also argues that her claims under 1692e and 1692f must be presented to a jury and thus the Defendant's Motion to Dismiss is improper. (Pl.'s Opp.to Def.'s Mot. to Dismiss at 8.) However, the Plaintiff did not distinguish between her theory as to violations of 1692g, 1692e, and 1692f. As discussed earlier, the Court has determined that the Plaintiff's claims under 1692g were insufficient, and the Plaintiff did not plead any additional facts in support of her claims under 1692e and 1692f. As such, the Court finds that the Plaintiff has failed to state a claim under 1692e and 1692f as well.

### D. The Plaintiff's IDCSA Claim

The Plaintiff's Response to the Defendant's Motion to Dismiss concedes that the Plaintiff's claims under the IDCSA "are insufficient as pled in the complaint." Accordingly, the Defendant's Motion to Dismiss regarding this claim is GRANTED.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss the Plaintiff's Complaint for Failure to State a Claim [ECF No. 10] is GRANTED and the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on October 30, 2018.

<u>s/ Theresa L. Springmann</u>
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT